MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulyumdzhi Vasilyev, | No.   CV-26-02587-PHX-KML (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| Pam Bondi, et al., | |
| Respondents. | |

On April 15, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention.[1]

**I.    Petition**

Petitioner names as Respondents the Warden of the Eloy Detention Center, Immigration and Customs Enforcement Phoenix Field Office Director John Cantu; former United States Department of Homeland Security Secretary Kristi Noem; and former United States Attorney General Pamela Bondi.

Petitioner raises a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), arguing his detention is prolonged and there is no significant probability of his removal in the reasonably foreseeable future.  He seeks release from detention.

The Court will dismiss Respondent Cantu because he is an improper Respondent. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).  Pursuant to Rule 25(d) of the

---

[1] Petitioner also filed an Emergency Motion or Request for Expedited Handling (Doc. 2).  Because the Court is directing Respondents to promptly show cause why the Petition should not be granted, the Court will deny as moot the Emergency Motion.

Federal Rules of Civil Procedure, the Court will substitute Todd Blanche for Respondent Bondi, Markwayne Mullin for Respondent Noem, and Eric Rokosky for Respondent Eloy Detention Center Warden. The Court will require Respondents to answer the Petition.[2] Any response must be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

---

[2] "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004). However, it is unclear whether an alien can raise a colorable claim for release where, as here, 90 days have passed, but six months have not. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted).

**IT IS ORDERED:**

    (1)    Petitioner's Emergency Motion or Request for Expedited Handling (Doc. 2) is denied as moot.

    (2)    Respondent Cantu is **dismissed**.

    (3)    The Clerk of Court must **substitute**

        (a)    Markwayne Mullin for Respondent Noem,

        (b)    Todd Blanche for Respondent Bondi, and

        (c)    Eric Rokosky for Respondent Eloy Detention Center Warden.

    (4)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

    (5)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

    (6)    Respondents must respond to the Petition no later than **May 6, 2026**.

    (7)    Petitioner may file a reply no later than **May 13, 2026**.

    Dated this 17th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -